IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DISTRICT

| | |
|---|---|
| **AMERICAN TANK & VESSEL, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 04-00803-CG-B** |
| ) | |
| **BURNS AND ROE ENTERPRISES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter is before the court on the motion of defendant, Burns and Roe Enterprises, Inc. ("BREI"), to compel arbitration and stay judicial proceedings (Doc. 3), the plaintiff's response thereto (Doc. 11), defendant's reply (Doc. 15), and plaintiff's response to defendant's response (Doc. 16). The court finds, regardless of whether Texas or Alabama Law is applied, that the arbitration clause is valid and enforceable. Thus, defendant's motion to compel arbitration is due to be granted.

## BACKGROUND

American Tank & Vessel, Inc. ("ATVI") is a corporation organized under the laws of the State of Alabama with its principal place of business in Houston, Texas;  BREI is a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey. (Doc. 3) On April 29, 2002, ATVI and BREI entered a contract for the construction of a field erected demineralized water storage tank in Texas City, Texas. (Plaintiff's Complaint pp. 1-4).  ATVI filed a complaint for breach of contract against BREI on November 4, 2004, in the Circuit Court of Mobile County, Alabama.  BREI thereafter removed the case to this court based on diversity jurisdiction.

Pursuant to 9 U.S.C. § 3, BREI has also moved the court to stay this proceeding and to compel arbitration of the dispute between ATVI and BREI. ATVI challenges the enforceability of the arbitration clause. That arbitration clause at issue states:

> In the event a dispute arises between Purchaser [BREI] and Contractor [ATVI] regarding any matter hereunder, each Party agrees to refer the matter to a senior executive of its respective corporation. Said executives shall meet, and attempt to negotiate a good faith resolution of the dispute. Should the executives be unable to obtain a resolution within thirty (30) days after commencement of negotiation, either Party may then, by notice to the other, submit the dispute to the American Arbitration Association for resolution under its rules then in effect.
>
> In no event shall the arbitrator(s) have jurisdiction to consider (I) claims for consequential damages or damages beyond the limitations of liability contained in the Agreement or (ii) any challenge to the limitation of liability contained in this Agreement. The decision of the arbitrator(s) shall be final and binding upon the parties without right of appeal to the courts, the prevailing Party shall be entitled to reimbursement of its expenses, including reasonable attorney's fees. Pending final resolution of any dispute, Purchaser and Contractor shall continue to fulfill their respective obligations hereunder.

(Doc. 3. Ex.2).

The arbitration clause provides that if the parties are unable to resolve the dispute, then either party "**may**" submit the dispute to the American Arbitration Association ("AAA"). ATVI asserts that "may" means "permissive, optional or discretional, and not mandatory," and that the clause in question merely sets forth the procedures and rules that would apply if the parties agreed to arbitrate after negotiations have failed.

The supplemental terms and conditions to the contract include a choice-of-law provision which stipulates that Texas law shall apply. (Doc. 3, Ex. 4)  ATVI initially brought this case in the Circuit Court of Mobile County, Alabama. When the case was removed to federal court, the choice of law

2

issue was raised.

## **LEGAL ANALYSIS**

Defendant moves to stay proceedings and compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §1, et seq., alleging that an enforceable arbitration agreement exists between plaintiff and defendant which governs the resolution of this dispute. Plaintiff alleges Alabama law disfavors arbitration and that this court should apply Alabama law rather than Texas law in determining whether a valid arbitration agreement exists.

1. What state's law applies?

Federal district courts, in diversity cases, apply the conflicts of law rule in the state where the district court sits. See, Klaxon Co. V. Stentor Electric Manufacturing Co., 313 U.S. 487 (1941). While choice of law provisions are generally enforceable, if the chosen law would violate the public policy of the forum, then it is not enforceable. Blalock v. Perfect Subscription Co., 458 F.Supp. 123 (S.D. Ala. 1978), aff'd, 599 F.2d 743 (5th Cir. 1979). Ala. Code 1975 §8-1-41(3) prohibited pre-dispute arbitration agreements. First, ATVI argues Texas law (permitting pre-dispute arbitration agreements) should not govern this case, because Texas law would violate the public policy of the State of Alabama. As a second argument, ATVI notes Alabama follows the principal of lex loci contractus, (a contract is governed by the laws of the state where it is made. Cherry, Bekaert & Holland v. Brown, 582 So.2d 502, 507 (Ala. 1991)). Since the contract was accepted by ATVI In Mobile, Alabama, ATVI argues the contract falls under Alabama law.

In outlining Alabama's choice of law procedure, the Alabama Supreme Court stipulated that Alabama law would "first have us look to the contract to determine whether the parties have specified a

particular sovereign's law to govern." Stovall v. Universal Const. Co., Inc., 893 So.2d 1090, 1102 (Ala. 2004), citing Cherry, id. Since this contract clearly stated that Texas law would apply, Alabama courts would recognize that Texas law applies. We therefore do not have to look to how Alabama law interprets arbitration agreements.

    2.    <u>Texas Law and arbitration</u>

In Texas, every reasonable assumption favoring arbitration will be accepted. D. Wilson Const. Co., Inc. v. McAllen Independent School Dist., 848 S.W.2d 226, 231 (Tex.App.–Corpus Christti 1992, *writ dism'd w.o.j.*). Courts construing agreements to arbitrate resolve every doubt in favor of arbitration. Prudential Securities, Inc. v. Marshall, 909 S.W.2d 896, 899 (Tex.1995). Construing the term "may" as permissive would go against the rules of arbitration clause interpretation. BWI Companies, Inc. v. Beck, 910 S.W.2d 620, 623-24 (Tex.App. - Austin 1995). The arbitration clause in BWI Companies, stated, "Any employee who participates in this process ... may use it to resolve any employment-related legal dispute with BWI, ..." 910 S.W.2d 620, 623. (emphasis supplied.) The BWI Companies plaintiff argued that "may" should be taken to mean permissive, thus rendering the arbitration clause unenforceable. However, the court determined "may" to be mandatory, not permissive, and the arbitration clause to be enforceable. Id. Thus, generally, an agreement to arbitrate is mandatory even though it contains the permissive term "may". Feldman/Matz Interests, LLP v. Settlement Capital Corp., 140 S.W.3d 879, 888 (Tes.App. – Houston 2004) and federal cases cited therein. Under the terms of the contract in this case, if one party observes its contractual rights and opts to "submit the dispute to the American Arbitration Association for resolution," then the other party must arbitrate.

3.      Even under Alabama Law, the arbitration clause is valid and enforceable

Even if this court did what defendant requests and looked to Alabama law to determine whether the contract contains an enforceable arbitration agreement, arbitration would still be appropriate. Regarding the interpretation of arbitration agreements, the Alabama Supreme Court has held:

> The FAA "simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts in accordance with their terms," and "parties are generally free to structure their arbitration agreements as they see fit." Volt Information Sciences, Inc. [v. Board of Trustees], 489 U.S. [468] at 478-79, 109 S.Ct. 1248. Accordingly, "as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)

Homes of Legend, Inc. v. McCollough, 776 So.2d 741, 746 (Ala. 2000).

"[A] court must examine more than an isolated sentence or term; it must read each phrase in the context of all other provisions." Celtic Life Insur. Co. v. McLendon, 814 So. 2d 222, 224 (Ala. 2001). The word "may" in arbitration agreements does not mean parties have an option because "such an interpretation would render the arbitration provision meaningless for all practical purposes." Id. at 225. If the parties to such an agreement intended for arbitration to be permissive, there would be no reason to include...the arbitration provision in the contract,..." Id., quoting, Austin v. Owens-Brockway Glass Container, Inc., 78 F.3d 875, 879 (4th Cir. 1996), cert denied, 519 U.S. 980 (1996).

The arbitration clause in Celtic Life stated, "[c]ontroversies or disputes...which cannot be resolved to the satisfaction of both parties, may be resolved by arbitration..." 814 So.2d 222, 224. The defendant unsuccessfully argued the arbitration clause was unenforceable, because of the use of the word "may" instead of the "shall." However, the court noted "the use of the word 'may' in an

arbitration agreement does not imply that the parties to the agreement have the option of invoking some remedy other than arbitration." Id. at 225, quoting Held v. National R.R. Passenger Corp., 101 F.R.D. 420, 424 (D.D.C. 1984).

Plaintiff would have this court allow "some remedy other than arbitration [to] be invoked." . If following contract terms, a party submits a dispute to arbitration, then the other party must arbitrate. A party cannot arbitrate a dispute by itself. Thus, the term "may" here means "must," and mandates ATVI to arbitrate.

3       The Federal Arbitration Act

The FAA provides that a "written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or ... an agreement in writing to submit to arbitration an existing controversy arising out of such a contract ... shall be valid, irrevocable, and enforceable..." 9 U.S.C. § 2. Any written agreement to arbitrate "evidencing a transaction involving commerce" is "valid, irrevocable, and enforceable" under the FAA. 9 U.S.C. § 2. Thus, the enforceability of any arbitration agreement "involving commerce" is governed by the FAA. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 401 (1967); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); Southland Corp. v. Keating, 465 U.S. 1, 10-15 (1984). In Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265 (1995), the Supreme Court held "involving commerce" was to be construed as broadly as possible, meaning that any arbitration agreement which affects commerce in any way is governed by the FAA. Id. at 273-81.

The Supreme Court has consistently recognized arbitration as a legitimate, and even favored,

method of settling disputes, even disputes involving claimed violations of statutory rights. <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 34, n.5, (1991); <u>Circuit City Stores, Inc. v. Adams</u>, 532 U.S. 105 (2001).  "[C]ourts should enforce arbitration agreements pursuant to the general rules and standards of contract law." <u>Crayton v. Conseco Finance Corp.–Alabama</u>, 237 F.Supp.2d 1322, 1326 (M.D. Ala. 2002).  The Supreme Court applies a strong presumption in favor of arbitration, and the courts must resolve any doubt concerning whether a particular claim is arbitrable in favor of arbitration. In <u>Dean Witter Reynolds, Inc. v. Byrd</u>, ,470 U.S. 213, 218 (1985), the Court noted "[b]y its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."

## CONCLUSION

For the reasons set forth above, defendant's motion to compel arbitration (Doc. 3) is **GRANTED.**  The parties are hereby **COMPELLED TO ARBITRATE THIS MATTER** and the case is hereby **STAYED PENDING ARBITRATION**.  The Clerk of Court is directed close this file for statistical purposes

Beginning November 7, 2005, and every 90 days thereafter, the parties are **ORDERED** to file joint status reports advising the court of the progress of arbitration.

**DONE** and **ORDERED** this 5th day of August, 2005.

/s/ Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE